**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 90-20029 &
                                                               90-20081

BARRY DAVID CASHIN,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR**
**MODIFICATION OR REDUCTION OF SENTENCE PURSUANT TO**
**18 U.S.C. § 3582(c)(2)**

Defendant Barry Cashin moves to reduce his sentence based on a lowered guideline range for drug offenses in the United States Sentencing Guidelines. (ECF No. 148.) The matter has been fully briefed. (ECF Nos. 155, 156, 157.) For the reasons provided below, Defendant's motion is denied.

### I. BACKGROUND

Defendant pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1), with a judgment entered on March 8, 1991. Defendant was sentenced to 372 months (thirty-one years) imprisonment. There was a plea agreement, but it was not made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (ECF No. 156, PageID.78-79; ECF No. 157, PageID.85.) Thus, the court was not required to impose an agreed upon sentence or accept an agreed upon sentencing range. (ECF No. 155-1, PageID.67.) The court

determined that Defendant's offense level was forty and his criminal history category was III. The result was an imprisonment range of 360 months to life.

After Defendant's indictment, but before sentencing, facts came to light that Defendant was attempting to undermine the prosecution; Defendant recruited his cellmate and brother to kill an FBI agent that was assigned to his case. Defendant further conspired to intimidate his co-conspirators to keep them from testifying in potentially inculpatory ways. On March 28, 1991, a few weeks after his controlled substance sentencing, Defendant was convicted of conspiracy and attempt to intimidate witnesses. 18 U.S.C. § 371; 18 U.S.C. § 1512(b). The charge of solicitation to commit a crime of violence, relating to his alleged attempts to murder an FBI agent, resulted in a hung jury. 18 U.S.C. § 373. For the crimes he was convicted of, Defendant was sentenced to 170 months imprisonment. The sentence ran consecutively to Defendant's controlled substance sentence, resulting in a total of 542 months imprisonment.

In 2014, Amendment 782 of the U.S. Sentencing Guidelines lowered the offense level for all drug offenses, including for Defendant's. *Compare* U.S.S.G. § 2D1.1(6) (U.S. Sentencing Comm'n 1990) ("Level 32"), *with* U.S.S.G. § 2D1.1(c)(5) (U.S. Sentencing Comm'n 2018) ("Level 30"). Now, with Defendant's base offense level lowered two points, his imprisonment range would be 292 to 365 months. *See* U.S.S.G. Sentencing Table.

## II. DISCUSSION

Defendant's sentencing for the offenses related to his intimidation of witnesses is not subject to change at this point. Defendant was sentenced based on an offense level of thirty-two, to which Amendment 782 does not apply and subsequent amendments to

his original U.S.S.G. § 1B1.10 report do not affect.[1] Defendant does not contest this point.

The government's argument to the contrary notwithstanding, the change to Defendant's sentencing range does allow the court to modify his sentence for his controlled substance offense. 18 U.S.C. § 3582(c)(2) grants authority to reduce a term of imprisonment if the defendant's sentence was imposed "*based on* a sentencing range that has subsequently been lowered." 18 U.S.C. § 3582(c)(2) (emphasis added). A sentencing decision is almost always "based on" the guideline range. "Indeed, the Guidelines are 'the starting point for every sentencing calculation in the federal system. Even if the sentencing judge sees a reason to vary from the guidelines, if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, then the Guidelines are in a real sense the basis for the sentence.'" *Hughes v. United States*, 138 S. Ct. 1765, 1775 (2018) (quoting *Peugh v. United States*, 569 U.S. 530, 542, 133 S. Ct. 2072 (2013)). In the Sixth Circuit, "[i]n determining whether a sentence is 'based on' a subsequently lowered guideline range in a plain-meaning sense of the words, we must consider whether the original sentence was, *in fact*, 'based on' such a range; that is, we look to what the district court actually said and did at the original sentencing." *United States v. Hameed*, 614 F.3d 259, 264 (6th Cir. 2010) (citations removed).

Looking at what was "actually said and [done]," the court's sentence was "based on" Defendant's guideline range. *Hameed*, 614 F.3d at 264. The Statement of Reasons

---

[1] The government's response to Defendant's motion was actually filed as a response to Defendant's corrected U.S.S.G. § 1B1.10 report.

3

in Defendant's judgment lays out the guideline range determined by the court. Further, in an attachment to the Statement, the court explained that "the mid-point of the guideline range is appropriate" for Defendant's sentence. In the process of sentencing, the court mentioned that it had the ability to sentence Defendant to life in prison, a direct reference to the guideline range. (ECF No. 155, PageID.56.) The court "start[ed]" from, relied on, and referred to Defendant's guideline range at sentencing. *Hughes*, 138 S. Ct. at 1775. This is enough to conclude that Defendant's sentence was "based on" his guideline range.

The government uses the Supreme Court decision *Freeman v. United States*, 564 U.S. 522, 131 S. Ct. 2685 (2011) to argue that a sentence is not "based on" a guideline range when, as here, a defendant signs a plea agreement that does not mention a guideline range. This reliance on *Freeman* is misplaced. In *Freeman*, the Supreme Court found that courts can look only to the plea agreement in determining whether a sentence was "based on" a guideline range when that sentence was imposed directly from the plea agreement under Rule 11(c)(1)(C). *Freeman*, 564 U.S. at 534 (Sotomayor, J., concurring). Under Rule 11(c)(1)(C), "[t]he court may only accept or reject the agreement, and if it chooses to accept it, at sentencing the court may only impose the term of imprisonment the agreement calls for; the court may not change its terms." *Freeman*, 564 U.S. at 535. If a court may only accept wholesale the range a plea agreement calls for, it follows that the court should focus on the plea agreement alone in deciding whether the sentence was "based on" a guideline range. In line with this reasoning, the Sixth Circuit has limited *Freeman* to "the Rule 11(c)(1)(C) context." *United States v. Garret*, 758 F.3d 749, 755 (6th Cir. 2014); *see also United States v.*

4

*McNeese*, 819 F.3d 922 (6th Cir. 2016) (discussing the *Freeman* only in application to Rule 11(c)(1)(C) agreements). Here, Defendant was not sentenced according to the terms of a Rule 11(c)(1)(C) plea agreement. (ECF No. 156, PageID.78-79; ECF No. 157, PageID.85.) Under Rule 11(c)(1)(B), the court, not the parties, determined the sentencing range. *Freeman* is inapplicable.

Although the court could, the court nonetheless will not exercise its authority to reduce Defendant's sentence. When considering a sentence reduction under 18 U.S.C. § 3582(c)(2), the court is required to consult the U.S. Sentencing Commission's policy statement and the sentencing factors laid out in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 827, 130 S. Ct. 2683 (2010); U.S.S.G. § 1B1.10.

First, the applicable policy statement from the Sentencing Commission is provided for in U.S.S.G. § 1B1.10. *Dillon*, 560 U.S. at 827; *United States v. Horn*, 612 F.3d 524, 527 (6th Cir. 2010); *United States v. Payne*, 687 Fed. App'x 447, 447-48 (6th Cir. 2017). Defendant's conviction passes § 1B1.10's requirements. The amendment at issue has the effect of lowering Defendant's applicable guideline range, as required under § 1B1.10(a)(1). It also falls in the "covered amendments" list. U.S.S.G. § 1B1.10(a)(2), (d) ("782").

Second, the court must consider sentencing factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to reflect the seriousness of the offense, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1), (2)(A), (2)(C). Here, Defendant was involved in a long-running conspiracy with a significant number of participants. He served in a leadership capacity, helping to distribute at least 1,000 kilograms of

5

marijuana. Most disturbingly, Defendant organized with co-conspirators to threaten witnesses. He was indicted in a murder plot to kill one of the law enforcement agents assigned to his case. Defendant's serious and deeply threatening behavior, combined with his proven skills at organizing complex criminal activities, convince this court that his original sentence was an appropriate measure of punishment for his actions and that he poses a continued risk to the public. Defendant's request for a sentence reduction is denied.

### III. CONCLUSION

Defendant was sentenced "based on" a guideline range that has subsequently been amended. U.S.S.G. Amendment 782; *Hameed*, 614 F.3d at 264; *Hughes*, 138 S. Ct. at 1775. Thus, the court has the power to modify Defendant's sentence. 18 U.S.C. § 3582(c)(2). However, Defendant helped organize a major drug trafficking operation, threatened key witnesses, and conspired to kill a federal agent assigned to his case. Considering the factors listed in § 3553(a), the court declines the request to reduce Defendant's sentence. Accordingly,

IT IS ORDERED that Defendant's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 148) is DENIED.

                                          s/Robert H. Cleland              /
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE

Dated: November 8, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 8, 2019, by electronic and/or ordinary mail.

                                          s/Lisa Wagner                 /
                                          Case Manager and Deputy Clerk
                                          (810) 292-6522